IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charlotte Bonia, et al., | NO. CV-24-03136-PHX-ASB |
| Plaintiffs, | **ORDER** |
| v. | |
| Ashe Ventures LLC, et al., | |
| Defendants. | |

This matter was assigned to Magistrate Judge Alison S. Bachus (Doc. 16). On November 7, 2025, the Magistrate Judge filed a Report and Recommendation ("R&R") with this Court.[1] (Doc 61). The Magistrate Judge recommends that this Court grant Defendants' Motions to Dismiss for Lack of Jurisdiction and Failure to State a Claim. (Doc. 61). Plaintiff filed Objections to the R&R. (Doc. 63). Defendants filed a Reply (Doc. 64),

---

[1]     This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,
>
> **IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.
>
> **IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:

Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

and Plaintiff filed a Sur-Reply. (Doc. 65). After considering the R&R and the objections raised by the parties thereto, the Court incorporates and modifies the Magistrate Judge's R&R.

## STANDARD OF REVIEW

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). However, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985); see also Wang v. Masaitis, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."). Likewise, it is well-settled that "failure to object to a magistrate judge's factual findings waives the right to challenge those findings." Bastidas v. Chappell, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting Miranda v. Anchondo, 684 F.3d 844, 848 (9th Cir. 2012)).

## DISCUSSION[2]

Plaintiff objects to dismissing this action for several reasons. (Doc. 63). First, Plaintiff contends that the R&R misapplies the personal jurisdiction standard, arguing that sufficient facts have been presented to demonstrate that Defendants, Ashe Ventures and the Estate of Prescott Ashe, are "essentially at home" in this jurisdiction. (Id. at 5-7). Second, Plaintiff contends that the First Amended Complaint ("FAC") adequately alleges

---

[2] The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation (Doc. 61).

seven claims of conversion, intentional interference of a contract, breach of contract, breach of duty of good faith and fair dealing, unjust enrichment, and insurance fraud. (Id. at 7-10). Third, Plaintiff contends that a dismissal with prejudice would be unjust because Plaintiff has not yet had the opportunity to fully present the merits of her claims. (Id. at 11-12).

### A. Striking Plaintiff's Sur-Reply

First, the Court strikes Plaintiff's Sur-Reply. (Doc. 65). On November 26, 2025, Plaintiff filed untimely objections to the R&R—four days after the deadline (Doc. 63)—rendering Defendants' subsequent Reply untimely. (Doc. 64). The Magistrate Judge expressly warned the parties that failure to file a timely objection could result in the R&R being accepted without further review. (Doc. 61 at 9). Despite this warning, neither party sought leave to file their untimely pleadings nor provided any explanation for the delay, thereby unnecessarily clouding the record. Nonetheless, the Court will generously accept the untimely pleadings and attached exhibits. (Docs. 63; 64). Plaintiff's "Reply to Defendants' Response to Objections" (Doc. 65), however, is improper under applicable law.

The Federal Rules of Civil Procedure do not authorize replies in support of objections to a report and recommendation. See Fed. R. Civ. P. 72(b)(2) (permitting objections only to the R&R and a response to the objections). However, a court has "discretion" to accept further briefing, which typically sets forth new arguments or evidence. S.E.C. v. Seaboard Corp., 677 F.2d 1301, 1314 (9th Cir. 1982).

Plaintiff did not seek leave to file her Sur-Reply—the ten-page filing, including six exhibits—merely reiterates arguments raised in prior pleadings. (See Docs. 58; 63). Since Rule 72 does not permit a sur-reply and Plaintiff identifies no new or extraordinary circumstances justifying the need for a sur-reply, the Court finds the pleading unnecessary.

Accordingly, the Court strikes Plaintiff's Sur-Reply and the attached exhibits from the record and will not consider them in its analysis below. (Doc. 65).

**B. Motion to Dismiss for Lack of Jurisdiction**

Federal courts have "original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000," and there is "complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 83 (2005); 28 U.S.C. §1332(a)(2). Federal courts have personal jurisdiction over a defendant "where the district court is located," and a plaintiff bears the burden of establishing personal jurisdiction over all defendants. Fed. R. Civ. P. 4(k)(1)(A); see also Dole Food Co. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002). When a defendant moves for lack of personal jurisdiction, the plaintiff needs only to make a "prima facie showing of jurisdictional facts." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006) (quoting Doe v. Unocal, 248 F.3d 915, 922 (9th Cir. 2001)). The Court may consider evidence outside the pleadings; however, "conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); see also Pebble Beach, 453 F.3d at 1154.

Arizona courts exercise personal jurisdiction to the fullest extent permitted by the Due Process Clause. Ariz. R. Civ. P. 4.2(a); A. Uberti and C. v. Leonardo, 892 P.2d 1354, 1358 (Ariz. 1995). Under the Due Process Clause, nonresident defendants must have "minimum contacts" with the forum-state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Further, there are two types of personal jurisdiction: general and specific. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011).

1. General Personal Jurisdiction

The Magistrate Judge found that this Court lacks general jurisdiction over any Defendants in this matter. (Doc. 61 at 10). The Court agrees with the R&R's conclusion that there is no general personal jurisdiction over Defendants in this matter; however, the

- 4 -

Court disagrees with the Magistrate Judge's analysis of Defendant Ashe Ventures LLC. (See Id. at 8-9).

General jurisdiction exists when the defendant has "continuous and systematic" contacts with the forum state, it is "essentially at home," whereas specific jurisdiction exists when the controversy arises from or is related to "the defendant's [specific] contacts with the forum [state]." Helicopteros Nacionales de Colom., S.A. v. Hall, 466 U.S. 408, 414 (1984). A corporation is considered a citizen of its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c); see Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). In contrast, "[a] LLC is a citizen of every state of which its owners/members are [domiciled]." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

In this case, Defendant Ashe Ventures LLC is a California limited-liability company with SD TR Administration LLC as its sole member (See Docs. 48; 49), and SD TR Administration LLC's member is domiciled in California. (Id.). Because all Defendants in this matter are citizens of California, they are not "at home" in Arizona, and this Court lacks general personal jurisdiction over them. Goodyear, 564 U.S. at 919.

### 2. Specific Personal Jurisdiction

The Magistrate Judge also found that this Court lacks specific personal jurisdiction over all Defendants in this matter. (Doc. 61 at 11-13). Plaintiff objects and contends that she has pleaded sufficient facts showing this forum has jurisdiction over Defendants Ashe Ventures LLC and Estate of Prescott Ashe. (Doc. 63 at 5-7). The Court agrees with the Magistrate Judge's conclusion that there is no specific personal jurisdiction over Defendant Kensok. (Doc. 61 at 12-15). The Court, however, finds that there is specific personal jurisdiction over Defendants Ashe Ventures LLC and Estate of Ashe Prescott.

> The Ninth Circuit applies a three-prong test for specific personal jurisdiction: (1) [t]he non-resident defendant must . . . consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim . . . arises out of or relates to the defendant's forum-related activities; and (3) the exercise

of jurisdiction must comport with [reasonable] fair play and substantial justice[.]

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

In this action, Plaintiff contends that the Confidentiality Agreement "was made" in Arizona, so the Court has jurisdiction over the out-of-state Defendants. (Doc. 63 at 7). However, a "contract with an out-of-state party alone [cannot] automatically establish sufficient minimum contacts in the other party's home forum." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985). To establish specific personal jurisdiction, Defendant Estate of Prescott Ashe must have created "a substantial connection with the forum state" through affirmative conduct promoting business there. Picot v. Weston, 780 F.3d 1206, 1212 (9th Cir. 2015) (citing Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir. 1990)). This is determined by examining "prior negotiations and contemplated future consequences," the Confidentiality Agreement's terms, and the parties' "course of dealing." Id. (internal quotations omitted and emphasis added).

To satisfy the first prong, Defendants Ashe Ventures LLC and Estate of Prescott Ashe must purposefully avail themselves of the privileges of conducting business in Arizona. Schwarzenegger, 374 F.3d at 802.[3] Plaintiff alleges that the vehicles purchased by Mr. Ashe and Defendant Ashe Ventures LLC were registered and operated within Arizona.[4] (Docs. 43 at 3-6; 63-1). After Plaintiff was involved in an accident with the G-Wagon, Defendant Ashe Ventures LLC allegedly towed and stored the vehicle at an Arizona facility. (Id.) Despite the parties' conflicting affidavits, Plaintiff alleges that Mr. Ashe and Defendant Ashe Ventures LLC maintained an office and conducted business in Arizona. See AT&T, 94 F.3d at 588; (Docs. 63 at 6; 63-1; 63-2).

---

[3] Because Plaintiff's underlying claims arise from contracts, the Court applies the "purposeful availment" test. See Morrill v. Scott Fin. Corp., 873 F.3d 1136, 1142 (9th Cir. 2017) (the Ninth Circuit "generally applies the purposeful availment test when the underlying claims arise from a contract, and the purposeful direction test when they arise from alleged tortious conduct.").

[4] The vehicles at issue are the 2010 Land Rover (the "Land Rover") and Mercedes G63 G-Wagon (the "G-Wagon"). (Doc. 43 at 4-7).

The Court finds that Plaintiff's allegations, taken as true, plausibly allege that Defendants Ashe Ventures LLC and Estate of Prescott Ashe "continuously and deliberately directed their business activities to Arizona, and thereby purposefully availed themselves of the privileges of conducting business in Arizona. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 (1984). Mr. Ashe, on behalf of Defendant Ashe Ventures LLC, purchased, registered, and titled the vehicles in Arizona, thereby rendering Arizona an appropriate forum for business activities. Additionally, Defendants Ashe Ventures LLC and Estate of Prescott Ashe maintained an office and ongoing business operations in Arizona, which is further evidence that they established meaningful contacts with this forum. Therefore, it is not "unreasonable to require [Defendants Ashe Ventures LLC and Estate of Prescott Ashe] to submit to the burdens of litigation" in Arizona. Burger King Corp., 471 U.S. at 476 (citation omitted). Thus, the purposeful availment prong is satisfied.

To satisfy the second prong, Plaintiff "must show that [she] would not have suffered an injury 'but for' [Defendants'] forum-related conduct." Menken v. Emm, 503. F.3d 1050, 1058 (9th Cir. 2007). In this case, Defendants Ashe Ventures LLC and Estate of Prescott Ashe conduct arises from the purchase, registration, and storage of the vehicles in Arizona. (Doc. 43). Thus, "but for" Defendants' actions, Plaintiff likely would not have suffered her alleged injuries. Accordingly, the forum-related conduct prong is satisfied.

To satisfy the third prong, Defendants Ashe Ventures LLC and Estate of Prescott Ashe must show "that the [Court's] exercise of jurisdiction would not be reasonable." Picot, 780 F.3d at 1214. In making that determination, courts weigh the Burger King factors:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

Burger King, 471 U.S. at 476-77.

The first factor favors Plaintiff because the Court finds that Defendants Ashe Ventures LLC and Estate of Prescott Ashe purposefully availed themselves of business activities in Arizona. The second factor also slightly favors Plaintiff. Although Defendants Ashe Ventures LLC and the Estate of Prescott Ashe—both California citizens—face a significant burden litigating in Arizona, this inconvenience is not so great as to deprive [them] of due process." Panavision Int'l, Ltd. P'ship v. Toeppen, 141 F.3d 1316, 1323 (9th Cir. 1998). "[A]dvances in transportation and telecommunications and the increasing interstate practice of law" have lessened any hardship on Defendants. CE Distribution, LLC v. New Sensor Corp., 380 F.3d 1107, 1112 (9th Cir. 2004). Furthermore, Defendant Ashe Ventures LLC and Mr. Ashe operated an office, conducted business, and spent a "substantial amount of time" in Arizona, highlighting that litigating this case in Arizona is not a burden.

The Court finds that the third, fourth, and fifth factors are neutral. Regarding the third factor, there are no issues with sovereignty in this case. (See Doc. 61 at 14). Assessing the fourth factor, Arizona has an "interest in seeing that its residents are provided an effective means of redress when they are injured by a breach of contract," but the parties' Confidentiality Agreement contains a forum selection clause that inherently undermines Arizona's interest in enforcing the contract. Corp. Inv. Bus. Brokers v. Melcher, 824 F.2d 786, 791 (9th Cir. 1987). However, the enforceability of the forum-selection clause is not an issue before this Court and therefore does not affect the Court's exercise of specific personal jurisdiction at this juncture. (Doc. 61 at 14). Assessing the fifth factor, the Court "look[s] primarily at where the witnesses and the evidence are likely to be located," which in this case, are present in Arizona and California. Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1489 (9th Cir. 1993). Because both California and Arizona have competing interests and relevant resources, neither forum holds a distinct advantage.

The sixth factor, though "'not of paramount importance,'" slightly favors Plaintiff. Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1133 (9th Cir. 2003). Although Plaintiff initiated a related lawsuit in California, she "chose to adjudicate

the litigation in Arizona, [her] home forum … [which] is obviously most convenient." Id. For that same reason, however, the seventh factor favors Defendants Ashe Ventures LLC and Estate of Prescott Ashe because Plaintiff has not shown that litigation in California is inconvenient.

Having determined majority of the Burger King factors favor Plaintiff, the reasonableness prong is satisfied, and all three prongs are met. Accordingly, the Court has specific personal jurisdiction over Defendants Ashe Ventures LLC and Estate of Prescott Ashe.

### 3. Subject-Matter Jurisdiction

Even though this Court has personal jurisdiction over Defendants Ashe Ventures LLC and Estate of Prescott Ashe, this Court lacks subject matter jurisdiction because Plaintiff's Complaint fails to establish that the amount in controversy exceeds $75,000.

Plaintiff alleges that the amount in controversy in this action is $200,000, the value of the G-Wagon. (Doc. 43 at 3). As noted above, diversity jurisdiction requires that the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). When, as here, "the plaintiff originally files in federal court, 'the amount in controversy is determined from the face of the pleadings'" and the amount-in-controversy allegation is accepted if made in good faith. Geographic Expeditions, Inc., v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000)). However, the plaintiff's allegations must be plausible. See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). Thus, "to justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." Geographic Expeditions, Inc. 599 F. 3d at 1106 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).

The Ninth Circuit finds that "legal certainty" exists "when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 364 (9th Cir. 1986). The Ninth Circuit finds that only the following three situations satisfy

the legal certainty standard: "(1) when the terms of a contract limit the plaintiff's possible recovery; (2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and (3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." Id. at 363.

In this case, there are undisputed facts that shape this Court's decision, in line with the Magistrate Judge's findings. It is undisputed that the insurance agreement regarding the vehicles was between Defendants Chubb Insurance and Ashe Ventures LLC. (Docs. 48-1; 48-2). Further, it is undisputed that the confidentiality agreement did not include the G-Wagon, and Mr. Ashe never conveyed the G-Wagon to Plaintiff. (Doc. 58 at 4). Based on these undisputed facts, Plaintiff's FAC is deficient in plausibly alleging that the amount of controversy exceeds $75,000.

First, Count II of Plaintiff's FAC—intentional interference based on the Confidentiality Agreement —limits Plaintiff's possible recovery. (Doc. 43 at 8). Plaintiff alleges that the Confidentiality Agreement entitled her to
> "(1) title to a 2010 Land Rover with Vin #SALMF1D41AA311220 (the "2010 Land Rover"); (2) Creation and funding of a limited liability company entitled "Designs by Charlie, LLC;" (3) ownership of any cash payments made by Ashe to Bonia during the term of their relationship; and (4) use of a Bank of America credit card."

(Doc. 43 at 4). Plaintiff further alleges that all Defendants were "aware" of this agreement and "refus[ed] to transfer" the Land Rover's title to Plaintiff. (Id.) However, the confidentiality agreement explicitly states that Plaintiff's interest in a vehicle is based solely on the Land Rover. (Doc. 63-3 at 2). Also, nothing in the record provides the Court with sufficient certainty to ascertain that an over 15-year-old Land Rover's value exceeds the $75,000 amount-in-controversy requirement and Plaintiff acknowledges that Count II is does need meet Arizona's statute of limitations. (Doc. 63 at 12). Moreover, Plaintiff's FAC contends that she satisfies the amount-in-controversy requirement based on the value of the G-Wagon. (Doc. 43 at 3).

Second, Counts I, III, IV, V, VI of Plaintiff's FAC—conversion, intentional interference with contract, breach of contract, breach of the duty of good faith and fair

dealing, and unjust enrichment—do not demonstrate that Plaintiff satisfies the amount in controversy requirement.

For the contract claims, Plaintiff contends that she is a "third-party beneficiary" to the G-Wagon's insurance policy in which Defendants wrongfully received the G-Wagon insurance proceeds. (Doc. 43 at 9-11). However, "[f]or a person to recover as a third-party beneficiary in Arizona, the contracting parties must intend to directly benefit that person and must indicate that intention in the contract itself." Sherman v. First American Title Ins. Co., 201 Ariz. 564, 38 P.3d 1229, 1232 (Ariz. Ct. App. 2002) (citation omitted). In this case, the Court finds that Plaintiff does not plausibly allege that the contracting parties, Defendants Chubb Insurance and Ashe Ventures LLC, intended to directly benefit Plaintiff since she is not listed as the primary beneficiary in the insurance contract.

Also, Plaintiff brings a conversion claim. Under Arizona law, "[c]onversion is [a]n intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." Strawberry Water Co. v. Paulsen, 207 P.3d 654, 659 (Ariz. Ct. App. 2008) (quotations and citations omitted). Thus, evidence of actual ownership is vital to plausibly allege a conversion claim. Id.

The Court finds that Plaintiff does not allege a conveyance or transfer through a legally enforceable document. As the Magistrate Judge correctly noted, Plaintiff's FAC establishes that she had a possessory interest in the G-Wagon, not ownership. (Doc. 61 at 18). In the FAC, Plaintiff pleads that she elected to give title, registration, and insurance to Defendant Ashe Ventures LLC. (Doc. 43 at 6). Further, the substance of the exhibits, including the text messages and emails between Plaintiff and Mr. Ashe, shows that nothing came into fruition during Mr. Ashe's lifetime. (Docs. 63-1; 63-3). Additionally, Plaintiff acknowledges that the "collateral agreements" that allegedly shows Mr. Ashe conveyed the G-Wagon in substitute of the Land Rover is not within the FAC in which she requests leave to amend. (Docs. 58 at 4; 63 at 8).

Plaintiff's disagreement with the policy's plain language does not create contractual

rights or override the contract terms. Plaintiff's FAC does not plausibly allege that she is the "rightful owner" of the G-Wagon based on the alleged collateral agreements. Without such allegations in Plaintiff's FAC, the Court cannot find that Plaintiff is entitled to the insurance proceeds, thus, Plaintiff does not meet the amount-in-controversy requirement to establish diversity jurisdiction.

Lastly, Count VII of Plaintiff's FAC—insurance fraud—is time barred under Ariz. Rev. Stat. § 20-463. As a federal court sitting in diversity, this Court applies Arizona's statute of limitations. Albano v. Shea Homes Ltd. P'ship, 634 F.3d 524, 530 (9th Cir. 2011). Arizona statute of limitations for an insurance fraud action is one year. A.R.S. § 20-463. Plaintiff neither alleges the statute of limitations should be tolled nor provides a legal or factual basis that her insurance claim is tolled. The Court therefore finds Plaintiff's insurance fraud claim is time-barred.

Because Plaintiff has not plausibly alleged damages exceeding $75,000, the Court lacks subject matter jurisdiction over this case. Accordingly, the Court grants Defendants' Motion to Dismiss for Lack of Jurisdiction.

### C. Other Pending Motions

Defendants also moved to dismiss Plaintiff's FAC pursuant to Rule 12(b)(6). (Doc. 47). Plaintiff subsequently filed a Motion to Stay or Vacate Defendants' Illegal Repossession of Plaintiff's Personal Vehicle. (Doc. 52). Since Plaintiff's FAC fails to establish that this Court has subject matter jurisdiction over this action, the Court declines to address the merits of any other pending motions. See Bell v. Hood, 327 U.S. 678, 682 (1946) (holding that if a court finds no jurisdiction, it cannot determine whether the complaint states a cause of action on which relief could be granted).

### D. No Leave to Amend

Lastly, the Court agrees with the Magistrate Judge's recommendation to dismiss this action without leave to amend, however, the Court disagrees that this case should be dismissed with prejudice. (Doc. 61 at 15-17); see Hampton v. Pac. Inv. Mgmt. Co. LLC, 869 F.3d 844, 846 (9th Cir. 2017) ("Dismissals for lack of subject-matter jurisdiction . . .

must be without prejudice, because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case."); see also Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002) (noting that district courts have broad discretion to deny further leave to amend after prior amendment).

**CONCLUSION**

Accordingly,

**IT IS ORDERED modifying** the Report and Recommendation of the Magistrate Judge. (Doc. 61).

**IT IS FURTHER ORDERED striking** Plaintiff's Sur-Reply to Reply to Objection to Report and Recommendation. (Doc. 65).

**IT IS FURTHER ORDERED granting** Defendants' Motion to Dismiss for Lack of Jurisdiction. (Doc. 47).

**IT IS FURTHER ORDERED denying** Defendants' Motion to Dismiss for Failure to State a Claim as **moot**. (Doc. 47).

**IT IS FURTHER ORDERED denying** Plaintiff's Motion to Stay or Vacate Defendants' Illegal Repossession of Plaintiff's Personal Vehicle and Request for Equitable Relief as **moot**. (Doc. 52).

**IT IS FURTHER ORDERED dismissing** Plaintiff's Complaint **without prejudice**. (Doc. 43).

**IT IS FURTHER ORDERED directing** the Clerk of Court to terminate this action.

Dated this 31st day of March, 2026.

_____
Stephen M. McNamee
Senior United States District Judge

- 13 -